Opinion filed October 9, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 9,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00148-CV

                                                    __________

 

                                       DENNIS VERNER, Appellant

 

                                                             V.

 

PURE RESOURCES, INC., D/B/A TEXAS PURE RESOURCES,
INC., AND PURE RESOURCES I, INC., Appellees

 



 

                                         On
Appeal from the 385th District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CV45953

 



 

                                             M
E M O R A N D U M  O P I N I O N

This
case arises from an on-the-job injury.  Dennis Verner appeals from the trial
court=s take-nothing
summary judgment in favor of Pure Resources, Inc., d/b/a Texas Pure Resources,
Inc., and Pure Resources I, Inc. on his claims.  We affirm.  

                                                               Background
Facts








On
June 4, 2003, Verner was injured in an oilfield accident.  He alleged that his
injury resulted from the improper operation of a defective top drive unit.  A
daywork drilling contract covered the operations on the subject rig at the time
of the accident.  In the contract, Pure Resources, LP, was identified as
the operator, and Pure Resources I, Inc. was identified as the general partner
of Pure Resources, LP.  

Following
the accident, Verner brought a negligence suit against the following
defendants: (1) National Oilwell, Inc.; (2) Pure Resources, Inc. d/b/a Texas
Pure Resources, Inc.; (3) Pure Resources I, Inc.; (4) Patterson-UTI Energy,
Inc.; (5) Patterson-UTI Drilling Company; and (6) Patterson-UTI Drilling
Company West LP, LLLP.  He alleged that, at the time of the accident, he was
working for Patterson-UTI Drilling Company West LP, LLLP, and that Patterson
West was conducting drilling operations at Rig No. 488.  He also alleged that
the defendants committed negligence in connection with the operation of the top
drive unit.

            The
Pure Resources defendants filed traditional and no-evidence motions for summary
judgment.  They moved for summary judgment on multiple grounds, including the
ground that there was no evidence that they breached a legal duty to Verner. 
Verner filed a response to the motions for summary judgment.  Following a
hearing, the trial court entered an order granting summary judgment to the Pure
Resources defendants.  The trial court=s
order did not specify the ground or grounds relied on for its ruling.  The
trial court severed Verner=s
claims against the Pure Resources defendants from the remainder of the suit,
and the summary judgment in favor of the Pure Resources defendants became final
and appealable.

                                                                 Issues
on Appeal

Verner
presents three issues for review.  He contends that the trial court erred in
granting summary judgment to the Pure Resources defendants because (1) the
trial court improperly shifted the burden of proof to him to disprove the Pure
Resources defendants=
affirmative defense that they were not proper parties; (2) a fact issue existed
as to which Pure Resources entity was the proper party under the subject
drilling contract; and (3) more than a scintilla of evidence existed that the
Pure Resources defendants retained control over the premises and operations
under the drilling contract and that, therefore, a fact question existed on the
control issue.

                                                              Standard
of Review








Where,
as here, a trial court=s
order granting summary judgment does not specify the ground or grounds relied
upon for its ruling, summary judgment will be affirmed on appeal if any of the
summary judgment grounds advanced by the movant are meritorious.  Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  We will begin our analysis
by reviewing the trial court=s
summary judgment under the standard of review for no-evidence summary
judgments.  See Tex. R. Civ.
P. 166a(i).  When a no-evidence motion for summary judgment is
filed, the burden shifts to the nonmoving party to present evidence raising an
issue of material fact as to the elements specified in the motion.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  A trial court must
grant a proper no-evidence motion for summary judgment unless the nonmovant
produces more than a scintilla of probative evidence to raise a genuine issue
of material fact on the challenged elements of the claim.  Rule 166a(i); Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); Wal-Mart Stores,
Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  We review a no-evidence
summary judgment under the same standard as a directed verdict.  King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  We review the
evidence in the light most favorable to the party against whom the summary
judgment was rendered, crediting evidence favorable to that party if reasonable
jurors could and disregarding contrary evidence unless reasonable jurors could
not.  Tamez, 206 S.W.3d at 582; City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005); Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 208 (Tex. 2002).  We may not consider any evidence presented by the
movant unless it creates a fact question.  Binur v. Jacobo, 135 S.W.3d
646, 651 (Tex. 2004).

Breach-of-Duty
Issue

The
Pure Resources defendants moved for summary judgment on the ground that there
was no evidence they breached a duty to Verner.  To establish negligence, the
plaintiff must produce evidence of a legal duty owed by the defendant to the
plaintiff, a breach of that duty, and damages proximately caused by that
breach.  Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex.
2001).  








For
the purposes of our analysis, we assume, without deciding, that the Pure
Resources defendants owed a duty to Verner.  To establish a breach of duty, the
plaintiff must show either that the defendant did something an ordinarily
prudent person exercising ordinary care would not have done under those
circumstances or that the defendant failed to do that which an ordinarily
prudent person would have done in the exercise of ordinary care.  Caldwell
v. Curioni, 125 S.W.3d 784, 793 (Tex. App.CDallas
2004, pet. denied); Lincoln Prop. Co. v. DeShazo, 4 S.W.3d 55, 61 (Tex.
App.C Fort Worth 1999,
pet. denied).  To defeat a no-evidence motion for summary judgment, Verner was
required to bring forth more than a scintilla of probative evidence to raise a
genuine issue of material fact on the breach-of-duty issue.  Rivera v. South
Green Ltd. P=ship,
208 S.W.3d 12, 21 (Tex. App.CHouston
[14th Dist.] 2006, pet. denied).

In
response to the motions for summary judgment, Verner presented a one-page
excerpt from his deposition that related to the condition of the top drive
unit.  He also presented excerpts from Flint Stults=s deposition testimony.  Verner stated in his
response to the motions for summary judgment that he also was relying on the
exhibits that were attached to the Pure Resources defendants= motions for summary
judgment.  The Pure Resources defendants attached the following exhibits, among
others, to their motions for summary judgment: (1) the subject daywork drilling
contract, (2) excerpts from Verner=s
deposition testimony, and (3) excerpts from Stults=s deposition testimony.

In
Verner=s response to
the motions for summary judgment, he stated that the Pure Resources defendants
breached their duty Ain
failing to rectify the mechanical problems with the top-drive.@  The following exchange
took place during Verner=s
deposition:

Q. 
[PURE RESOURCES=
COUNSEL] I=m trying to
understand.  What was wrong with it?  I understand you=re telling me there was something wrong with
it.

  

A. 
[VERNER] Well, that=s
what we was trying to understand at the time, what was wrong with it.

 

Q. 
And you still to this day have no idea what was wrong with it?

 

A. 
No, ma=am.

 

Q. 
For what period of time do you think there was something wrong with it?

 

A. 
You know, several weeks before my accident, like I said.  You know, they kept B you know, it=s not B you=re sitting there drilling with this top drive
and all of a sudden, you know, it does a 90, you know, each way, then comes
back and stops, you know.  Like I was telling him, you know, there was
definitely something wrong with it.           

 

Stults was
employed by National Oilwell at the time of Verner=s accident.  He testified in his deposition
that he examined the top drive unit after the accident.  He said that there was
nothing mechanically wrong with the top drive unit and that A[it] was all running
perfectly.@








Verner
did not present evidence showing what, if anything, was wrong with the top
drive unit.  He also did not present evidence showing how the condition of the
top drive unit contributed to cause the accident. There was no summary judgment
evidence showing that the Pure Resources defendants did something an ordinarily
prudent person exercising ordinary care would not have done under the
circumstances or that they failed to do that which an ordinarily prudent person
would have done in the exercise of ordinary care.  In light of the absence of
evidence showing that the top drive unit had mechanical problems at the time of
his accident, Verner failed to meet his summary judgment burden of bringing
forth more than a scintilla of probative evidence to raise a genuine issue of
material fact on the breach-of-duty issue.

The
trial court did not err in granting no-evidence summary judgments to the Pure
Resources defendants on the breach-of-duty issue.  We overrule Verner=s third issue.  Based on
our ruling on Verner=s
third issue, we need not address his first and second issues.  Tex. R. App. P. 47.1.

                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE           

 

October 9, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.